**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN DWORKOWITZ *et al.*, | |
| Plaintiffs, | Civil Action No. 22-1496 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Commissioner of Social Security's (the "Commissioner") Motion to Dismiss. (ECF No. 7.) Plaintiffs Stephen Dworkowitz and Elena Dworkowitz ("Plaintiffs") opposed (ECF No. 9), and the Commissioner did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants the Commissioner's Motion.

**I.   BACKGROUND**

Plaintiffs and their three children started receiving retirement insurance benefits in 2004. (Commissioner's Moving Br. 1, ECF No. 7.) From 2005 to 2011, benefits for Plaintiffs' children ceased periodically when the children no longer qualified. (*Id.*) Each time one family member ceased receiving benefits, the Social Security Agency (the "Agency") modified the benefits of the still-qualifying family members in accordance with its rules and regulations. (*Id.* at 2.) Each time the Agency made a decision regarding benefits, it mailed a notice of the decision to Plaintiffs. (*Id.*) Each notice included the process for appealing the decision and explained that any request for

reconsideration must be made in writing within sixty days of the notice. (*Id.*) The Agency mailed the last decision to Plaintiffs in 2011. (*Id.*) According to the Commissioner, "[a]t no point did Plaintiff[s] file a request for reconsideration pertaining to any of the decisions related to the family's benefits." (*Id.*)

In 2021, Plaintiffs called the Agency's toll-free number and requested that the Agency review the benefits received by their children. (*Id.*) The Agency responded by sending a notice to Plaintiffs of the benefits paid to their children and confirming that the payment amounts were correct. (*Id.*) Plaintiffs also mailed a request to the Agency for an Administrative Law Judge ("ALJ") hearing regarding the prior benefit decisions. (*Id.*) According to the Commissioner, this request for a hearing was untimely because it could only be made after the Agency denied a request for reconsideration, and Plaintiffs never filed for reconsideration of any decisions. (*Id.* at 2-3.)

According to Plaintiffs, they "sent many certified letters [and] made many phone calls" regarding the prior decisions, and they "never received a response." (Pls.' Opp'n Br. *1, ECF No. 9.)[1] Plaintiffs aver that they did not receive any denials from the Agency, speculating that the denials must have gone to a prior address. (*Id.*) Plaintiffs contend that they could not have filed for reconsideration because they did not receive any denials. (*Id.*)

The Commissioner now moves to dismiss Plaintiffs' Complaint (ECF No. 1), which was first filed in state court and then removed to this Court. (*See* ECF No. 1.) The Commissioner argues that because Plaintiffs have not exhausted their administrative remedies, this Court lacks jurisdiction. (Commissioner's Moving Br. 7-8.) The Motion is ripe for resolution.

---

[1] Page numbers preceded by an asterisk reflect the page numbers atop the ECF header.

## II. LEGAL STANDARD

At any time, a defendant may move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1), (h)(3). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## III. DISCUSSION

The Commissioner brings a factual attack, arguing that Plaintiffs failed to exhaust the administrative remedies prior to filing suit. (*See generally* Commissioner's Moving Br.) A district court lacks subject matter jurisdiction if the United States has not waived its sovereign immunity and consented to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The consent to be sued must be express and unequivocal, and construed strictly in favor of the sovereign. (*Id.*)

The exclusive jurisdictional basis for judicial review of Social Security cases is provided by 42 U.S.C. § 405(g). Section 405(g) authorizes judicial review of only a "final decision of [the Commissioner] made after a hearing." 42 U.S.C. § 405(g). The term "final decision" is "left to the [Commissioner] to flesh out by regulation." *Weinberger v. Safi*, 422 U.S. 749, 766 (1975). The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a final decision ripe for judicial review. 20 C.F.R. § 404.900(a). The four

steps are: (1) initial determination; (2) reconsideration; (3) ALJ decision; and (4) Appeals Council review. *Id.*

Here, the Court is satisfied that Plaintiffs have not exhausted the required administrative remedies to confer subject-matter jurisdiction upon the Court. The Commissioner has demonstrated that Plaintiffs did not file for reconsideration (step two) or obtain an ALJ decision (step three). (*See* Commissioner's Moving Br. 7-8.) Importantly, Plaintiffs do not seem to contest this fact, arguing primarily that they were not receiving notices from the Commissioner or the Agency that would allow them to proceed through the required steps. (*See* Pls.' Opp'n Br. 1-2.) This alleged miscommunication, however, does not confer jurisdiction upon this Court, regardless of the sincerity in Plaintiffs' attempts. Notably, Plaintiffs' phone calls and correspondence to the Agency do not satisfy any of the four steps. (*See* Commissioner's Moving Br. 2 n.2.) Because the Court lacks subject-matter jurisdiction, it grants the Commissioner's Motion.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants the Commissioner's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

4